| | |
|---|---|
| Elise S. Frejka<br>FREJKA PLLC<br>135 East 57th Street – 6th Floor<br>New York, New York 10022<br>Telephone: (212) 641-0800<br>Facsimile: (212) 641-0820<br>Email: efrejka@frejka.com | Armando Llorens<br>5 Stockbridge Avenue<br>Suffern, New York 10911<br>Telephone: (787) 725-1818 |

*Attorneys for Plaintiff ISS Facility Services, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| ISS FACILITY SERVICES, INC., | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY TRAIL DEMANDED** |
| FEDCAP REHABILITATION SERVICES, INC., | |
| Defendant. | |

-----------------------------------------------------------------X

Plaintiff ISS Facility Services, Inc. ("ISS"), by its undersigned attorneys, as and for its complaint against defendant Fedcap Rehabilitation Services Inc. ("Fedcap"), alleges as follows:

## PARTIES

1. ISS is a Delaware corporation with its principal place of business located at 1017 Central Pkwy N., #100, San Antonio, Texas 78232. ISS is engaged in the business of providing facilities services.

2. Fedcap is a New York not-for-profit corporation with its principal place of business located at 633 Third Avenue, 6th Floor, New York, New York 10017.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 in that Fedcap does business in this District.

5. By agreement, the parties agreed to litigate disputes in the State of New York.

## ALLEGATIONS RELEVANT TO ALL CLAIMS

A. **The Subcontracts**

The Hughes Subcontract

6. The United States Federal Aviation Administration Fedcap awarded Fedcap a contract (the "Hughes Prime Contract") to provide services at the William J. Hughes Aviation Center in Atlantic City, New Jersey (the "Aviation Center").

7. ISS and Fedcap entered into a Subcontractor Agreement on November 1, 2015 (the "Hughes Subcontract") with respect to the Hughes Prime Contract wherein Fedcap subcontracted a portion of the Hughes Prime Contract to ISS. A true and correct copy of the Hughes Subcontract is attached hereto as Exhibit A.

8. Pursuant to the Hughes Subcontract, Fedcap engaged ISS as a subcontractor to provide "Operation and Maintenance" and other agreed upon services. See Exhibit A, Hughes Subcontract, page 1.

9. The initial term of the Hughes Subcontract was from November 1, 2015 to October 31, 2020. See Exhibit A, Hughes Subcontract, Section 4.1.

10. For work performed under the Hughes Subcontract, ISS was to be compensated by Fedcap in accordance with a fixed price budget as negotiated between Fedcap and ISS as well as additional fees for certain variable price additional tasks. See Exhibit A, Hughes Subcontract, Section 9.1 and 2.

11. The Hughes Subcontract required Fedcap to promptly (within 45 days) pay ISS

for services rendered upon receipt of an invoice.  <u>See</u> Exhibit A, Hughes Subcontract, Section 2[1].

12. The Hughes Subcontract provided that in the event of a dispute, claim or controversy between the parties regarding the Subcontract, such dispute shall be governed by and construed in accordance with the laws of the State of New York.  <u>See</u> Exhibit A, Hughes Subcontract, Section 11.5.

<u>The Cadman Subcontract</u>

13. The United States General Services Administration awarded Fedcap a contract (the "<u>Cadman Prime Contract</u>") to provide services at the Duberstein Bankruptcy Courthouse and U.S. Post Office in Brooklyn, New York (the "<u>Cadman Facility</u>").

14. ISS and Fedcap entered into a Subcontractor Agreement on June 30, 2014 (the "<u>Cadman Subcontract</u>") regarding the Cadman Prime Contract wherein Fedcap subcontracted a portion of the Cadman Prime Contract to ISS.

15. Pursuant to the Cadman Subcontract, Fedcap engaged ISS as a subcontractor to provide "Operation and Maintenance" and other agreed upon services at the Cadman Facility.  <u>See</u> Exhibit B, Cadman Subcontract, page 1, "Whereas" clauses.

16. The initial term of the Cadman Subcontract was from July 1, 2014 to June 30, 2024.  <u>See</u> Exhibit B, Cadman Subcontract, Section 4.1.

17. For work performed under the Cadman Subcontract ISS was to be compensated by Fedcap in accordance with a fixed price budget as negotiated between Fedcap and ISS as well as additional fees for certain variable price additional tasks.  <u>See</u> Exhibit B, Cadman Subcontract, Section 9.1 and 9.1 (sic).

---

[1] The Hughes Subcontract provides for a penalty for late payments but does not preclude charging of interest for breach of contract as provided for by New York law.

18.   The Cadman Subcontract required Fedcap to promptly (within 45 days) pay ISS for services rendered upon receipt of an invoice.  <u>See</u> Exhibit B, Cadman Subcontract, Section 2.[2]

19.   The Cadman Subcontract provided that in the event of a dispute, claim or controversy between the parties regarding the Subcontract, such dispute shall be governed by and construed in accordance with the laws of the State of New York.  <u>See</u> Exhibit B, Cadman Subcontract, Section 11.5.

20.   The Subcontract provided that all litigation between the parties shall be commenced in the State of New York.  <u>See</u> Exhibit B, Cadman Subcontract, Section 6.2.2.

B.   <u>Course of Dealings between ISS and Fedcap</u>

21.   ISS performed its obligations under the Hughes Subcontract and the Cadman Subcontract (collectively, the "<u>Subcontracts</u>").

22.   ISS submitted invoices to Fedcap in the manner prescribed by the Subcontracts. <u>See</u> Exhibit A, Hughes Subcontract, Section 9; Exhibit B, Cadman Subcontract, Section 9.

C.   Fedcap Breached its Obligation of Payment under the Subcontracts and the <u>Parties Initiated a Dispute Resolution Process</u>

23.   During the term of the Subcontracts, Fedcap became delinquent in its obligations to make payment for services rendered by ISS.

24.   Pursuant to the Subcontracts, ISS initiated a dispute resolution process regarding Fedcap's failure to pay as required under the Subcontracts. <u>See</u> Exhibit A, Hughes Subcontract, Section 6.2.1; Exhibit B, Cadman Subcontract, Section 6.2.1.[3]

---

[2] The Cadman Subcontract provides for a penalty for late payments but does not preclude charging of interest for breach of contract as provided for by New York law.

[3] The parties have other contractual agreements where potential disputes are under discussion in accordance with the dispute resolution provisions set forth in section 6 of the Subcontracts. None of these matters have completed the dispute resolution process prescribed by agreement and thus are not ripe for litigation.

25. The dispute resolution process commenced in or about September 2019, at which time Fedcap was delinquent on valid invoices in an amount exceeding $3,600,000.00.

26. On November 15, 2019, Fedcap, through its General Counsel, admitted that twenty-two (22) invoices totaling just over $3,000,000.00 were valid and long overdue for payment, while six (6) other invoices totaling $222,403.65 were under dispute by Fedcap. See November 15, 2019 communication from Fedcap to ISS (the "November 15 Communication"), attached hereto as Exhibit C.

27. In the November 15 Communication, Fedcap admitted to ISS:

> John, good afternoon, attached is a schedule of the invoices Fedcap agrees are valid ISS receivables. Including in the list a subset that we do not believe are valid. The total of valid receivables exceeds $3MM.
>
> Fedcap intends to pay these receivables on a designated schedule, which will be forthcoming.
>
> Best,
>
> Ken
>
> Kenneth Brezenoff
> General Counsel
> The Fedcap Group

See Exhibit C. Attached to the November 15 Communication was an Excel chart that is annexed hereto as Exhibit D.

28. Subsequently, the disputed amount was resolved, and the parties reached a global resolution (the "Resolution") of the outstanding invoices due under the Subcontracts.

29. The Resolution required Fedcap to pay ISS: (A) $200,000 on or before December 31, 2019, and (2) $3,000,000.00 in six (6) equal monthly installments commencing in January 2020. See email communications between ISS and Fedcap collectively attached hereto as

Exhibit E.

30. On December 9, 2019, Fedcap, through its General Counsel, confirmed the Resolution by admitting:

> Hi John, thanks for your patience.
>
> Fedcap is prepared to commit to a monthly payment of $500,000 per month beginning in January to retire the amount owed by July, 2020.
>
> Ken
>
> Kenneth Brezenoff
> General Counsel
> The Fedcap Group

See Exhibit F.

31. On December 20, 2019, ISS's General Counsel accepted the Resolution. See Exhibit G.

32. On December 30, 2019, Fedcap made a payment of $200,000.00 to ISS as required by the Resolution.

D. Fedcap Breaches the Resolution

33. Fedcap breached the Resolution almost immediately and failed to make the January 2020 payment in the amount of $500,000.00.

34. On January 27, 2020, ISS spoke by telephone with Fedcap regarding Fedcap's failure to make the $500,000.00 monthly payment as required by the Resolution. The telephone conversation was confirmed by e-mail on February 7, 2020. See e-mail from ISS to Fedcap dated February 7, 2020 (the "February 7 E-Mail"), attached hereto as Exhibit H.

35. Fedcap further breached the Resolution by failing to make the February 2020 payment in the amount of $500,000.00.

36. In response to the February 7, 2020 E-Mail, Fedcap admitted:

6

> John, good afternoon
> Fedcap confirms the balance owed of $3MM and intends to retire the amount by June 30, 2020.
>
> Ken
> Kenneth Brezenoff
> General Counsel
> The Fedcap Group

See Exhibit I, February 7, 2020 e-mail from Fedcap to ISS.

37. Thereafter, Fedcap entered into an amended resolution with ISS (the "Amended Resolution") whereby Fedcap promised to pay ISS $3,000,000.00 on or before June 30, 2020.

38. Fedcap breached the Amended Resolution and failed to "retire" the agreed amounts owing by June 30, 2020.

39. Fedcap unilaterally made two payments to ISS totaling $500,000.00 in furtherance of the Amended Resolution and reduced the principal balance from $3,000,000.00 to $2,500,000.00.

40. ISS has made due demand for payment of the monies admittedly owed by Fedcap to ISS.

41. Notwithstanding the foregoing, Fedcap has refused to pay the monies due and owing by Fedcap to ISS.

**FIRST CAUSE OF ACTION**
(*Breach of the Subcontracts*)

42. ISS repeats and realleges each and every allegation set forth in the contained in paragraphs 1 through 41 as if fully set forth herein.

43. Fedcap has breached the Subcontracts by failing to make payments to ISS as required by the Subcontracts.

44. As a result of the foregoing, ISS has been damaged in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

## SECOND CAUSE OF ACTION
*(Breach of the Resolution)*

45. ISS repeats and realleges each and every allegation set forth in the contained in paragraphs 1 through 41 as if fully set forth herein.

46. Fedcap has breached the Resolution Agreement by failing to make payments to ISS as required by the Resolution Agreement, namely by failing to make payment of $500,000.00 per month commencing in January 2020 and continuing through June 2020.

47. As a result of the foregoing, ISS has been damaged in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

## THIRD CAUSE OF ACTION
*(Breach of the Amended Resolution)*

48. ISS repeats and realleges each and every allegation set forth in the contained in paragraphs 1 through 41 as if fully set forth herein.

49. Fedcap has breached the Amended Resolution by failing to pay the amount due from Fedcap to ISS, namely the full amount of $3,000,000.00 by June 30, 2020, as agreed to by Fedcap in the Amended Resolution.

50. As a result of the foregoing, ISS has been damaged in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

## FOURTH CAUSE OF ACTION
*(Account Stated)*

51. ISS repeats and realleges each and every allegation set forth in the contained in paragraphs 1 through 41 as if fully set forth herein.

52. Fedcap received, accepted, and acknowledged the accuracy of the invoices received from ISS.

53. Fedcap acknowledged that these invoices totaled an undisputed and accurate

amount of $3,200,000.00.

54. Fedcap made partial payment on the amounts due.

55. As a result of the foregoing, ISS has been damaged in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

**FIFTH CAUSE OF ACTION**
*(Unjust Enrichment)*

56. ISS repeats and realleges each and every allegation set forth in the contained in paragraphs 1 through 41 as if fully set forth herein.

57. ISS performed valuable services under the Subcontracts for which Fedcap received consideration and payment.

58. Fedcap has failed to pay ISS the amounts due for the services rendered by ISS.

59. As a result of the foregoing, Fedcap has been unjustly enriched at the expense of ISS, damaging ISS in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

**SIXTH CAUSE OF ACTION**
*(Quantum Meruit)*

60. ISS repeats and realleges each and every allegation set forth in the contained in paragraphs 1 through 41 as if fully set forth herein.

61. ISS performed valuable services under the Subcontracts.

62. Fedcap has failed to pay ISS the value of the services rendered by ISS.

63. As a result of the foregoing, Fedcap has damaged ISS in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

**SEVENTH CAUSE OF ACTION**
*(Accord and Satisfaction)*

64. ISS repeats and realleges each and every allegation set forth in the contained in

paragraphs 1 through 41 as if fully set forth herein.

65. ISS and Fedcap reached an accord and satisfaction regarding their disputes concerning the Subcontracts.

66. The accord and satisfaction required Fedcap to pay Plaintiff ISS the total sum of $3,200,000.00 by June 30, 2020.

67. Fedcap only paid $700,000.00 of the total due, leaving a balance of $2,500,000.00.

68. As a result of the foregoing, Fedcap has damaged ISS in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

## JURY TRIAL DEMANDED

69. ISS, as provided by Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury in the above-captioned matter.

## CLAIM FOR RELIEF

WHEREFORE, for all the reasons set forth above, Plaintiff ISS Facility Services, Inc. requests judgment against Defendant Fedcap Rehabilitation Services, Inc. as follows:

A. On the First Cause of Action, damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

B. On the Second Cause of Action, damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

C. On the Third Cause of Action, damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

D. On the Fourth Cause of Action, damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

E. On the Fifth Cause of Action, damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

F. On the Sixth Cause of Action, damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

G. On the Seventh Cause of Action damages in an amount of not less than $2,500,000.00, plus applicable contractual and statutory interest.

H. Attorney fees and costs; and

I. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 18, 2020

Respectfully submitted,

FREJKA PLLC

_____
Elise S. Frejka
420 Lexington Ave – Suite 310
New York, New York  10170
Phone: (212) 641-0800
Facsimile: (212) 641-0820
Email: efrejka@frejka.com

ARMANDO LLORENS
Armando Llorens
5 Stockbridge Avenue
Suffern, New York 10911
Phone: (787) 725-1818

*Attorneys for Plaintiff ISS Facility Services, Inc.*